# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DWIGHT A. WARE,**
    **Plaintiff,**

    v.                                                  **Case No. 09-c-0393**

**ATTORNEY FREDERICK KLIMETZ, and**
**ATTORNEY RICK STEINBERG**
    **Defendants.**

---

## DECISION AND ORDER

      Plaintiff Dwight A. Ware, proceeding pro se, has filed this action against defendants Frederick Klimetz and Rick Steinberg pursuant to 42 U.S.C. § 1983.  Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court.  28 U.S.C. § 1914(a).  Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

      Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a).").  Here, the heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated.  See West v. Macht, 986 F.Supp. 1141 (W.D. Wis. 1997).   Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give

security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence.  Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915.  Thus, I will permit plaintiff to proceed without payment of fees.   However, as explained below, this action will be dismissed for failure to state a claim upon which relief may be granted.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status.  Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted.  Id.; 28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se civil rights complaints.  Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004).  Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado."  Id. at 970.  The court is obliged to give the plaintiff's pro se

2

allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

As noted, plaintiff brings his claims under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). In the present case, although plaintiff alleges that defendants acted under color of state law, his allegations leave no doubt that, in fact, defendants did not so act. Specifically, plaintiff alleges that the defendants were court-appointed criminal defense attorneys who represented plaintiff in connection with a drug charge in state court. He further alleges that they coerced him into pleading guilty, refused to move to withdraw his guilty plea, and generally did not provide him with the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. However, court-appointed defense attorneys and public defenders do not act under color of state law when performing a lawyer's traditional functions as defense counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005); Sceifers v. Trigg, 46 F.3d 701, 704 (7th Cir. 1995); Kurowski v. Krajewski, 848 F.2d 767, 769 (7th Cir. 1988); Cornes v. Munoz, 724 F.2d 61, 62-63 (7th Cir. 1983). Plaintiff's allegations demonstrate that his claims arise out of defendants' alleged deficient performance of their traditional duties as criminal defense attorneys. Therefore, to the extent that defendants may have deprived plaintiff of any federal right, they did not do so while acting under color of state law.

3

Because plaintiff has alleged facts establishing that defendants did not act under color of state law, he has pleaded himself out of court.  Accordingly, his complaint will be dismissed.  See, e.g., Hecker v. Deere & Co., 556 F.3d 575, 588 (7th Cir. 2009) (complaint is properly dismissed where plaintiff would have to contradict his own allegations in order to prevail on the merits).  I note, however, that plaintiff may have viable state-law claims against defendants, such as a tort claim for legal malpractice.  See Polk County, 454 U.S. at 325. But because the parties are all citizens of Wisconsin and plaintiff has no viable claim under federal law, I would not have either original or supplemental jurisdiction over any potential state-law claims.  See 28 U.S.C. §§ 1332 (original diversity jurisdiction) & 1367 (supplemental jurisdiction).   To the extent that I do have supplemental jurisdiction over any state-law claims, I hereby decline to exercise that jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).  Should plaintiff believe that he has viable state-law claims, he will have to file a new suit against defendants in state court.  The present dismissal will be without prejudice to plaintiff refiling any state-law claims in state court.

For the reasons stated, **IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed.  As to all federal claims, the dismissal is with prejudice.  Any potential state-law claims are dismissed for lack of subject matter jurisdiction and without prejudice to refiling in state court.  The clerk of court shall enter final judgment.

Dated at Milwaukee, Wisconsin this 25 day of April, 2009.

/s_____
LYNN ADELMAN
District Judge

5